# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MEILING SERRANO AND EDDIE PINNIX, <br><br> Plaintiffs, <br><br> vs. <br><br> PFIZER INC., PHARMACIA LLC f/k/a/ PHARMACIA CORPORATION, PARKE, DAVIS & COMPANY LLC as successor-in-interest of PARKE, DAVIS & COMPANY, and WARNER-LAMBERT COMPANY LLC f/k/a WARNER-LAMBERT COMPANY, <br><br> Defendants. | Case No.: 3:20-cv-00462-FDW-DSC <br><br><br> **PROTECTIVE ORDER** |

## **ORDER**

The Court has reviewed the Parties' Proposed Joint Protective Order. For good cause shown, IT IS ORDERED as follows:

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, confidential information shall be disclosed only in the following designated ways:

1. As used in the Protective Order, these terms have the following meanings:
   - "Attorneys" means counsel of record;
   - "Confidential" documents are documents designated pursuant to Paragraph 2;
   - "Highly Confidential" documents are documents designated pursuant to Paragraph 3;
   - "Documents" means documents and information that the Parties and, as appropriate, non-parties, agree merit confidential treatment;
   - "Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys; and
   - "Written Assurance" means an executed document in the form attached as **Exhibit A**.

1

2. "Confidential Information" shall mean all Documents and information designated by the producing party as Confidential including Documents or information that are not otherwise publicly available, such as internal company documents.

3. "Highly Confidential Information" shall mean all Documents and information so designated by the producing party as Highly Confidential, the disclosure of which would, in the good faith judgment of the party or, as appropriate, non-party designating the material as Highly Confidential, be detrimental to the conduct of that party's or non-party's business or the business of any of that party's or non-party's customers or clients, including: confidential contracts (including drafts) between the producing party and a third party; any other document or communication that contains or recites the terms of such a confidential contract (including any drafts); information prohibited from disclosure by statute; information that reveals trade secrets, research, technical, regulatory, commercial or financial information that the Party has maintained as confidential; competitively sensitive information; or information concerning products not at issue in this litigation.

4. All Confidential and Highly Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this proceeding, and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their contents to any person other than those specified in Paragraphs 6 and 7. Any other use is prohibited.

5. All Confidential documents shall be marked "Confidential" and all Highly Confidential documents shall be marked "Highly Confidential."

6. Access to any Confidential document shall be limited to:
    (a) the Court and its staff;
    (b) Attorneys, their law firms, and their Outside Vendors;
    (c) persons shown on the face of the document to have authored or received it;
    (d) deponents and court reporters retained to transcribe testimony;
    (e) the Parties;
    (f) the Parties' current or former employees; and
    (g) outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this proceeding.

7. Access to any Highly Confidential document shall be limited to:

 (a) the Court and its staff;

 (b) Attorneys, their law firms, and their Outside Vendors;

 (c) persons shown on the face of the document to have authored or received it;

 (d) court reporters retained to transcribe testimony;

 (e) outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this proceeding;

 (f) any other person as to whom the producing party has consented to disclosure in advance and in writing, on notice to each party hereto.

8. Any non-party who shall be called upon to make discovery herein or provide deposition or other testimony pursuant to subpoena or other formal or informal discovery device shall be entitled to avail itself of the provisions and protections of this Protective Order; and if such election is made, such non-party shall be entitled to the protection granted hereby and shall assume the duties and obligations imposed thereby. All material designated by the non-party to be Confidential or Highly Confidential shall be treated in the same manner and fashion as any Confidential or Highly Confidential documents produced by the Parties herein.

9. Third parties producing documents in the course of this proceeding may also designate documents as "Confidential" or "Highly Confidential," subject to the same protections and constraints as the Parties to the proceeding. A copy of the Protective Order shall be served along with any subpoena served in connection with this proceeding. All documents produced by such third parties shall be treated as "Confidential" for a period of fourteen days from the date of their production, and during that period any party may designate such documents as "Confidential" or "Highly Confidential" pursuant to the terms of the Protective Order.

10. If another court or an administrative agency requests, subpoenas, or orders production of Confidential or Highly Confidential documents from a party that has obtained those materials under the terms of this Order, the party shall promptly notify the producing party of the pendency of such subpoena or other process. The subpoenaed party will not oppose the producing party's effort to intervene in the proceeding, quash the subpoena, or take other reasonable action to seek appropriate relief. The cost of such opposition to the subpoena shall be borne by the producing party unless otherwise agreed to by the Parties.

11.  Each person appropriately designated pursuant to Paragraph 6(g), 7(e), nonparty deponents pursuant to paragraph 6(d), and former employees pursuant to Paragraph 6(f) to receive Confidential or Highly Confidential information shall execute a "Written Assurance" in the form attached as **Exhibit A**.  Opposing counsel shall be notified at least fourteen days prior to disclosure to any such person who is known to be a current or former employee or agent of, or consultant to, any competitor of the party whose designated documents are sought to be disclosed.  Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made.  If a party objects in writing to such disclosure within fourteen days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

12.  All depositions or portions of depositions taken in this proceeding that contain confidential information may be designated "Confidential" or "Highly Confidential" and thereby obtain the protections accorded other "Confidential" or "Highly Confidential" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within thirty days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Highly Confidential" during the thirty day period following receipt of the transcript.  The deposition of any witness (or any portion of such deposition) that encompasses Confidential or Highly Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

13.  Portions of interrogatory answers, responses to requests for admissions, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote or contain confidential information may be designated "Confidential" or "Highly Confidential" where appropriate, but, to the extent feasible, shall be prepared in such a manner that the Confidential or Highly Confidential information is bound separately from that not entitled to protection.

14.  To avoid security risks inherent in certain current technologies, and unless the party whose Confidential or Highly Confidential documents are at issue agrees otherwise in writing, and except as set forth immediately below with respect to limited electronic mail communications, all persons with access to Confidential or Highly Confidential documents pursuant to Paragraphs 6 and 7 shall be and are prohibited from storing or transmitting any Confidential or Highly Confidential documents in or via any online or web-based storage location or service, when such storage location or service is managed or maintained by any third-party service provider, including any provider of so-called "cloud computing" services, other than a reputable litigation support

4

service provider with a secure document hosting facility that uses encrypted web-enabled software that allows for secure and protected sharing and collaboration concerning said documents amongst only authorized counsel and that does not employ so-called "cloud computing" services. Notwithstanding the foregoing provision, a person with access to Confidential documents pursuant to Paragraph 6 shall not be prohibited from transmitting to any other person permitted to access Confidential documents pursuant to Paragraph 6 a reasonably limited number of files containing Confidential documents through electronic mail, as attachments to an electronic mail in the form of separate PDF files (and not as zip files or links to files), as long as the person transmitting the files takes reasonable steps to protect the confidentiality of the files.

15. Any party who inadvertently fails to identify documents as "Confidential" or "Highly Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately designated documents. Any party receiving such improperly designated documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

16. Notwithstanding the foregoing, without express written consent, in no event shall any disclosure of Confidential or Highly Confidential documents be made to any competitor of Defendants or to any person who, upon reasonable and good faith inquiry, could be determined to be a current employee of or consultant doing research on anti-epileptic drugs ("AEDs") for a competitor of Defendants irrespective of whether such competitor or person is retained as an expert in this proceeding, except that if the person is a former employee of Defendants (or a subsidiary of Defendants) and appears or is produced as a fact witness, the examining party shall be permitted to disclose Confidential documents during the deposition and at trial pursuant to the terms of this Order. "Competitor" shall mean any manufacturer of or manufacturer involved in the sale of AEDs or current employee of such entity. If a party seeks to disclose Confidential or Highly Confidential documents to a Competitor of Defendants, the party seeking disclosure shall follow the notice provisions set forth in Paragraph 11. Confidential or Highly Confidential documents shall be used solely for the purpose of this proceeding and shall not be used by any person receiving such information for any business or competitive purpose.

17. Any party filing a document containing Confidential or Highly Confidential information with the Court shall do so in accordance with the procedures for Filing Documents Under Seal in Civil Cases pursuant to Local Civil Rule 6.1.

18. Any party or non-party may challenge the designation of any information as "Confidential" or "Highly Confidential." The process for challenging confidentiality designations is set forth in the document entitled Challenging Confidentiality Designations, attached hereto as **Exhibit B.**

19. Within sixty days of the termination of this proceeding, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential" or "Highly Confidential," and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction within the sixty day period. However, Attorneys shall be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with the proceeding.

20. Inadvertent disclosure or production of documents or information subject to attorney-client privilege, work product protection, or other applicable privilege or immunity (collectively referred to hereinafter as "Inadvertently Disclosed Privileged Material") shall not constitute a waiver of the respective privilege or immunity. If a producing party believes that it has disclosed Inadvertently Disclosed Privileged Material, the producing party shall notify the receiving party within a reasonable amount of time after discovering the inadvertent or unintentional disclosure (regardless of the date of the initial inadvertent or unintentional disclosure). After being notified, the receiving party must not use or disclose the document and must take reasonable steps to retrieve the document if the receiving party disclosed it before being notified. The receiving party must promptly, and in any event within seven calendar days, return to the producing party, render inaccessible, or destroy (at the receiving parties' option) the Inadvertently Disclosed Privileged Material (and all paper and electronic copies). If the recall of an Inadvertently Disclosed Privileged Material involves a document that is to be entirely withheld from production, the producing party will provide a privilege log pursuant to the terms of the Parties agreed STIPULATION GOVERNING PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION. If the recall of an Inadvertently Disclosed Privileged Material involves redaction of privileged material, the producing party shall provide a redacted version of the document as soon as reasonably possible.

21. Any party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

22. Nothing in this Protective Order shall limit any producing party's use of its own documents or shall prevent any producing party from disclosing its own Confidential or Highly Confidential documents to any person.

23. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the proceeding or of any position as to discoverability or admissibility of evidence.

24. Violation of any of the provisions of this Protective Order may result in the imposition of penalties and sanctions to be determined by the Court. The Court shall retain jurisdiction to enforce the provisions of this Protective Order beyond the term of this proceeding. The obligations imposed by the Protective Order shall survive the termination of this proceeding.

**SO ORDERED**.

Signed: January 13, 2021

David S. Cayer
United States Magistrate Judge

# EXHIBIT A - WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the City of _____, County of _____, State of _____. My telephone number is _____. I am currently employed by _____, located at _____, and my current job title is _____.

I have read and I understand the terms of the Protective Order dated _____, filed in *Serrano, et al. v. Pfizer Inc., et al.*, Case No. 3:20-cv-00462, pending in the District Court for the Western District of North Carolina. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court. I shall not divulge any documents, or copies of documents, designated "Confidential" or "Highly Confidential" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this proceeding and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this proceeding, I shall return to the attorney from whom I have received them, any documents in my possession designated "Confidential" or "Highly Confidential", and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents. I submit myself to the jurisdiction of the District Court for the Western District of North Carolina for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on _____            _____
                         (Date)                              (Signature)

# EXHIBIT B - CHALLENGING CONFIDENTIALITY DESIGNATIONS

<u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

<u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of the designations it is challenging and generally describing the basis for the challenges. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 10 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

<u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, they must hold an informal in-person conference with the Court. If the Parties still cannot resolve the challenge, the Designating Party shall file and serve a motion to retain confidentiality within 10 days of the informal in-person conference. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to timely make such a motion shall automatically waive the confidentiality designation for each challenged

9
PROTECTIVE ORDER
Case 3:20-cv-00462-FDW-DSC   Document 34   Filed 01/13/21   Page 9 of 10

designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. The party losing any motion concerning the confidentiality of materials will pay the successful party's attorneys' fees incurred in the making of or opposing the motion if the losing position was not substantially justified. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.