# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MEILING SERRANO AND EDDIE PINNIX,<br><br>Plaintiffs,<br><br>vs.<br><br>PFIZER INC., PHARMACIA LLC f/k/a/ PHARMACIA CORPORATION, PARKE, DAVIS & COMPANY LLC as successor-in-interest of PARKE, DAVIS & COMPANY, and WARNER-LAMBERT COMPANY LLC f/k/a WARNER-LAMBERT COMPANY,<br><br>Defendants. | Case No.: 3:20-cv-00462-FDW-DSC<br><br>**ORDER REGARDING EXPERT DISCOVERY** |

## **ORDER**

    1.    Plaintiffs Meiling Serrano and Eddie Pinnix ("Plaintiffs") and Defendants Pfizer Inc., Pharmacia LLC f/k/a Pharmacia Corporation, Parke, Davis & Company LLC as successor-in-interest of Parke, Davis & Company, and Warner-Lambert Company LLC f/k/a Warner-Lambert Company ("Defendants"), have agreed to certain limitations on the scope of expert-related discovery as set out in this Joint Stipulation ("Stipulation").

    2.    The parties have agreed that the disclosure of any witness who is retained by any party to offer expert testimony will be accompanied by a written report by the expert. The report must contain:

    a.    A complete statement of all opinions the witness will express and the basis and reasons for them;

    b.    The facts or data considered by the witness in forming them;

    c.    Any exhibits that will be used to summarize or support them;

    d.    The witness's qualifications, including a list of all publications authored in the previous ten years;

1

ORDER REGARDING EXPERT DISCOVERY

e. A list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and

f. A statement of compensation to be paid for the witness's study and testimony in the case.

3. The parties have agreed the following documents and information need not be disclosed by any party or person, are outside the scope of permissible discovery (including deposition questions), will not be used in any deposition or at trial, and are deemed to be work product, privileged, and confidential:

a. All drafts of expert reports (regardless of the form in which the draft is recorded);

b. All communications between counsel for a party and any testifying expert, regardless of the form of the communications, except to the extent that the communications (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed; and

c. All facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial, but a party may discover such information only (i) if the information relates to any medical examination requested by either party or ordered by the Court, in which case a copy of the examiner's report, together with any reports of earlier or subsequent examinations of the same conditions, shall be provided; or (ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

4. The parties will make expert disclosures at the times provided by pertinent scheduling orders.

5. The parties agree that experts disclosed as retained experts by either party will each be subject to a deposition of up to ten hours. In the event an expert offering generic opinions has

previously been deposed in any of the Dilantin Litigations, and is not offering any new opinions or any new bases for those opinions, the parties agree that such expert will not be subject to an additional deposition. If an expert is disclosed as a case specific expert in this case, and that expert has previously been deposed in any of the Dilantin Litigations on his or her general opinions, and is not offering any new opinions or any new bases for those opinions, the parties agree that, absent further agreement of the parties or Court order, the deposition of the case specific expert shall be limited to four hours.

**SO ORDERED.**

Signed: January 13, 2021

David S. Cayer
United States Magistrate Judge